**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SELLIVAN C. BEVERLY, JR.,

Plaintiff-Appellant,

v.

SHIELA E. WIDNALL, Secretary
of the Department of the Air Force,

Defendant-Appellee.

No. 98-1184
(D.C. No. 96-B-751)
(D. Colo.)

---

ORDER AND JUDGMENT *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sellivan C. Beverly, Jr. appeals from the district court's grant of summary judgment in favor of defendant on his claim of discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

## I. Background

The following facts are undisputed. In 1989 plaintiff, an African American, was selected for an interview for a promotion to an administrative officer position at the Air Force Accounting and Finance Center ("AFAFC") at Lowry Air Force Base in Denver. See Appellant's App. Vol. I at 28. At that time, both he and Marsha Miller, who was ultimately selected for the job, were working for the Air Force in civilian positions. He served as a logistics training instructor for the supply training branch, and Ms. Miller was a management analyst in the accounting systems division. See id. The interview was conducted by three AFAFC individuals, including Claude Klobus, who was the "selecting official." See id. Vol. II at 163. One of the panel members, Ms. Olga Humphrey, is also African American. See id. Vol. I at 109. All interviewees were asked the same questions. See id. at 112. Plaintiff does not allege that the selection process was discriminatory on its face. The panelists independently and privately scored their answers, then the three scores were averaged. See id. at 112 & 108. Although Mr. Klobus had the discretion to hire whomever he desired, he limited

his discretion by selecting the individual with the highest average interview score if the panelists concurred that the person was the best person for the job.       See id. Vol. II at 179. All three panel members scored Ms. Miller highest and plaintiff as third, with an African American female, Ms. McKay, scoring second highest. See id. Vol. I at 108, 113; Appellant's Br. at 6. Ms. Miller's average score was 78; Ms. McKay's was 64; and plaintiff's was 56.

Mr. Klobus lowered three of his initial scores for plaintiff, for a total of seven points, before he saw or discussed the other panel member's scores.       See Appellant's App. Vol. II at 219-20, 241. He could not remember why he had made those changes.   See id. at 224-25. Even if Mr. Klobus's original scores had not been changed, however, plaintiff still would have ranked third, with an average score of fifty-nine. The three panelists unanimously agreed that Ms. Miller had the most relevant practical experience for the specific job and that plaintiff's experience was not as relevant to the position.       See id. Vol. I at 110, 113, 116. Mr. Klobus needed someone who had experience in performing the job duties of the position because he had been without an administrator for six months; plaintiff had no experience in civilian administration.       See id. at 68, 85-86.

## II. Applicable legal standards

We review the district court's grant of summary judgment de novo.        See

McKnight v. Kimberly Clark Corp.    , 149 F.3d 1125, 1128 (10th Cir. 1998).  In

conducting that review,

> [w]e examine the record to determine whether any genuine issue of
> material fact was in dispute; if not, we determine [whether] the
> substantive law was applied correctly, and in so doing we examine
> the factual record and reasonable inferences therefrom in the light
> most favorable to the party opposing the motion. However, where
> the nonmoving party will bear the burden of proof at trial on a
> dispositive issue, that party must go beyond the pleadings and
> designate specific facts so as to make a showing sufficient to
> establish the existence of an element essential to that party's case
> in order to survive summary judgment.

Id. (quotations and citations omitted).  The movant need not negate the

nonmovant's claim, but need only point to an "absence of evidence to support the

nonmoving party's case."    Celotex Corp. v. Catrett   , 477 U.S. 317, 325 (1986).

There is no genuine issue of fact "[w]here the record taken as a whole could not

lead a rational trier of fact to find for the nonmoving party."        Matsushita Elec.

Indus. Co. v. Zenith Radio Corp.    , 475 U.S. 574, 587 (1986).

> In the context of employment discrimination cases analyzed pursuant
> to the McDonnell Douglas   framework, the plaintiff must first
> establish a prima facie case of discrimination.  Once this is done, the
> employer must offer a facially nondiscriminatory reason for its
> employment decision.  At the summary judgment stage, it then
> becomes the plaintiff's burden to show that there is a genuine dispute
> of material fact as to whether the employer's proffered reason for the
> challenged action is pretextual--i.e. unworthy of belief.  If the
> plaintiff succeeds in showing a prima facie case and presents
> evidence that the defendant's proffered reason for the employment

-4-

decision was pretextual . . . the plaintiff can withstand a summary judgment motion and is entitled to go to trial.

Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995) (citations, quotations, and footnotes omitted).

## III.  Discussion

Defendant's summary judgment motion argued only that plaintiff had not presented sufficient evidence of pretext to allow a jury to infer discriminatory intent, see Appellant's App. Vol. I at 28, and the court implicitly agreed, stating that "a reasonable juror could not find by a preponderance of the evidence that [plaintiff] was not promoted because of his race" after noting that plaintiff's scores, even with the addition of seven points, would not have made him the top-scoring candidate.  The district court then went one step farther and engaged in a "mixed motives" analysis.  See Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989).  The court concluded that, even assuming that Mr. Klobus had intentionally discriminated against plaintiff because of his race, defendant could avoid liability because it had shown that the other two panel members, who were not charged with having discriminatory intent, also rated Ms. Miller as the top interviewee.  Therefore, defendant would have made the same decision even if it had not allowed an improper discriminatory motive to play a role in failing to

promote plaintiff. [1] <u>See</u> Appellant's Br., Ex. A at 10. Plaintiff complains that because a mixed-motive defense had not been raised by defendant, the court improperly raised it sua sponte and plaintiff had no notice or opportunity to rebut the defense.

Because we hold that the plaintiff could not rebut defendant's nondiscriminatory reason for failing to promote plaintiff as a matter of law, we need not consider the propriety of the court's analysis under <u>Price Waterhouse</u>. We believe that the particular facts used in the court's mixed-motive analysis apply whether there is a mixed-motives defense or not. As the district court noted, the candidate receiving the highest interview score was selected by the panel, and not by Mr. Klobus alone. <u>See</u> Appellant's Br., Ex. A at 10. Defendant has shown that even if Mr. Klobus as a panel member had racial animus, his scores were not so low as to entirely preclude plaintiff's selection. Both the other panel members, who were not accused of having racial animus, rated plaintiff third and Ms. Miller highest in the selection process. Thus, as a matter of law, plaintiff cannot show that defendant's facially nondiscriminatory reason for not

---

[1] This particular analysis in <u>Price Waterhouse</u> was subsequently overruled by Congress in 1991 when it amended 42 U.S.C. § 2000e-5(g)(2)(B) to allow a plaintiff to recover attorneys fees and costs and to receive declaratory and injunctive relief even if a defendant makes a showing of mixed motive. Because the employment decision in this case was made in 1989, however, <u>Price Waterhouse</u> was properly considered by the district court.

-6-

promoting him--that he was not the highest-scoring interview candidate--was a pretext for racial discrimination.

Further, even if Mr. Klobus solely made the selection and plaintiff claimed he intentionally discriminated against plaintiff in the scoring process, plaintiff had two hurdles to cross in order to get to a jury on the issue. He arguably cleared the first hurdle by presenting evidence that Klobus had acted in ways (changing plaintiff's score, for example) from which a jury could infer that racial animus caused him to rate Ms. Miller, a white applicant, higher than plaintiff. He could not clear the second hurdle of proximate cause, however, because racial animus could play no part in rating Ms. McKay, another African American applicant, higher than plaintiff. Therefore, even if a jury could find that plaintiff should not have been rated lower than Ms. Miller because his rating was based upon a discriminatory motive, it would have been Ms. McKay, not plaintiff, who should have been promoted to the position. Accordingly, as a matter of law, plaintiff could not show that racial animus was a motivating factor in defendant's failure to promote him to the accounting administrative position--i.e., that "but for" Mr. Klobus's intentional discrimination in rating him lower than the white applicant, he would have been promoted. Cf. Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657 (1989) (holding that "a plaintiff must demonstrate that it is the

application of a specific or particular employment practice that has created the disparate impact under attack" in a Title VII disparate-impact case).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge